**Rule 3.5  Impartiality and Decorum of the Tribunal**

A lawyer shall not:

(a)     seek to influence a judge, juror, prospective juror or other official by means prohibited by law;

(b)     communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order;

(c)     communicate with a juror or prospective juror after discharge of the jury if:

(1)    the communication is prohibited by law or court order;

(2)    the juror has made known to the lawyer a desire not to communicate; or

(3)    the communication involves misrepresentation, coercion, duress **[of] or** harassment; or

(d)     engage in conduct intended to disrupt a tribunal.

**Comment:**

[1]    Many forms of improper influence upon a tribunal are proscribed by criminal law. Others are specified in the **[ABA Model]** Code of Judicial Conduct **and/or the Rules Governing Standards of Conduct for Magisterial District Judges**, with which an advocate should be familiar. A lawyer is required to avoid contributing to a violation of such provisions.

\* \* \*


**Rule 8.2  Statements Concerning Judges and Other Adjudicatory Officers**

(a)     A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

(b)     A lawyer who is a candidate for judicial office shall comply with the applicable provisions of the Code of Judicial Conduct **and/or the Rules Governing Standards of Conduct for Magisterial District Judges, as applicable**.

\* \* \*